EMAS, J.
The mother, G.U., appeals an order of adjudication of dependency as to her two minor children, E.A. and B.A. We affirm.
The Department of Children and Families filed a petition for adjudication of dependency following allegations that the father of the children had sexually abused them. After an evidentiary hearing, the trial court entered an order of dependency, finding the children had been “abused, abandoned and/or neglected pursuant to Florida Statute Chapter 39.”[1] We conclude there is competent, substantial evidence to support this finding under sections 39.01(15)(a) and (32)(f), Florida Statutes (2009).
The mother admitted at the hearing that she does not believe her husband abused their daughters and does not believe she or the children need therapy. The mother also testified that she would like the father to move back into the family home with her and the children. Finally, the court-appointed psychologist testified that the children were being emotionally harmed by their mother’s refusal to believe their accusations against the father, and need to participate in family therapy with their mother. It is clear from the mother’s testimony that she will not seek therapy for herself or her children unless she is ordered to do so. Furthermore, the likelihood that the mother will allow the father’s return to the family home places the children’s emotional health in danger of significant impairment. See § 39.01(44), Fla. Stat. (2009).
Accordingly, we affirm the order of ad *587 judication of dependency.[2]

. We find it unnecessary to address the trial court's additional finding that the children were "emotionally abandoned” by the mother, but note that such a finding, in and of itself, does not provide a basis for dependency under Chapter 39.

. The children remain in the custody of the mother, and both individual and group therapy were ordered by the court in the adjudicatory order.